United States Equal Employment Opportunity Commission
Philadelphia District Office
21 S. 5th Street, Suite 400
Philadelphia, PA 19106

Woody Anglade
Counsel for Plaintiff

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) CIVIL ACTION NO. |
| SELAS FLUID PROCESSING CORPORATION, | ) ) COMPLAINT |
| Defendant. | ) JURY TRIAL DEMAND ) ) |

### NATURE OF THE ACTION

This is an action under the Age Discrimination in Employment Act to correct unlawful employment practices on the basis of age, and to provide appropriate relief to Donald Henriques who was adversely affected by such practices. As alleged with greater particularity in Paragraph 7 below, the Commission alleges that Defendant, Selas Fluid Processing Corporation, discriminated against Mr. Henriques, based on his age, then age forty-five (45), when he was terminated from his Purchasing Agent position for alleged cost cutting reasons, while Defendant retained a similarly-situated younger and less qualified worker. As a result of the alleged discrimination, Mr. Henriques suffered income and backpay losses.

### JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343

1

and 1345. This action is authorized and instituted pursuant to Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b) (the "ADEA"), which incorporates by reference Sections 16(c) and 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217.

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania.

### PARTIES

3.      Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of the ADEA and is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

4.      At all relevant times, Defendant, Selas Fluid Processing Corporation, (the "Employer" or "Selas Fluid"), has continuously been doing business in the State of Pennsylvania and the City of Blue Bell, and has continuously had at least 20 employees.

5.      At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 11(b), (g) and (h) of the ADEA, 29 U.S.C. §§ 630(b), (g) and (h).

### CONCILIATION

6.      Prior to the institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged below and to effect voluntary compliance with the ADEA through informal methods of conciliation, conference and persuasion within the

2

meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## STATEMENT OF CLAIMS

7.      Since at least 2003, Defendant Employer has engaged in unlawful employment

practices by unlawfully subjecting Donald Henriques to disparate treatment based upon his age, then

age forty-five (45), in violation of Section 7(b) of the Age Discrimination in Employment Act of

1967, as amended, 29 U.S.C. § 626(b). The unlawful employment practices include, but are not

limited to, the following:

(a)      In or about August 29, 1977, Donald Henriques began working for T-Thermal

Company as an Assembler Mechanic. He later became an Assistant Shipper in May 1986, and was

subsequently promoted to Head Shipper approximately two years later (May 1998). In October

1990, Mr. Henriques was transferred to the Purchasing Department as an Inventory Control Analyst.

He later became a Buyer in the Purchasing Department in late 1990 and a Sub-Contract Coordinator

in 1992.

(b)      Selas Fluid Processing Corporation acquired T-Thermal Company in 1992 and later

merged with T-Thermal in 1993. Selas Fluid remained the surviving corporation after the merger

and retained Donald Henriques as a Purchasing Agent. Mr. Henriques began working at Selas

Fluid's offices in Blue Bell, Pennsylvania. His duties and responsibilities included ordering all the

parts and equipment for industries associated with petro, pharmacy and energy companies. He

eventually became one of only three Purchasing Agents in the Purchasing Department.

(c)      At all relevant times during his employment with Defendant, Mr. Henriques received

good performance evaluations and never received any disciplinary actions.

(d)      In fact, Mr. Henriques received ratings of **"Very Good"** on his 2001, 2002 and 2003

3

annual performance evaluations. A **"Very Good"** rating is defined as **"frequently exceeds requirements.** This employee has demonstrated excellent performance on major assignments. Employee is a solid performer and contributes more than expected." Mr. Henriques' work was also well respected by his colleagues. Many of his co-workers stated that he was a good employee, and that they had never heard of any complaints made by other employees about his performance.

(e)    On March 24, 2003, in an alleged effort to cut costs, Defendant's Board of Directors directed management to immediately make staff reductions in order to reduce operating expenses below 2003 budgeted amounts. Consequently, on April 30, 2003, Selas Fluid laid off seven employees, including Mr. Henriques. The ages of these employees at the time were, 45, 60, 43, 56, 59, 52 and 48. Interestingly, each employee was over the age of forty (40) and had a significant number of years of experience.

(f)    With respect to the decision to discharge Mr. Henriques, Selas Fluid decided to terminate one of the three Purchasing Agents in his department. Defendant's Vice President of Engineering, Dr. Samir Serhan, and Purchasing Manager Robert Van Heest, made the decision to terminate Donald Henriques. Defendant asserted that it discharged Mr. Henriques because his abilities were allegedly not comparable to the abilities of the other two (2) Purchasing Agents, and their potential to perform the expanded role that Purchasing Agents would now be required to assume. The other two Purchasing Agents were John Croman, age 53, and Kevin Pope, age 31.

(g)    However, Mr. Henriques' most recent performance evaluation, received less than 30 days before his termination, rated him "Very Good." This evaluation specifically stated that "Don often challenges our engineering and projects departments. This is very important when we are faced with very tight budgets. This often results in saving money for material or engineering that is not

4

required." Further, Mr. Henriques was more qualified and had more experience than the 31 year old Purchasing Agent who was retained, Pope. In fact, Mr. Henriques had trained Pope and could perform all the projects associated with the Purchasing Agent position regardless of size, unlike Pope. Pope could only work on small projects, while Donald Henriques could work on both large and small projects.

(h)     Pope eventually transferred to another department. Mr. Henriques subsequently saw a vacant Purchasing Agent position for Pope's replacement, being advertised on Defendant's web site and applied for the position. However, Defendant discriminated against Mr. Henriques again, by rejecting him on the basis of his age and hiring a less experienced and younger female under the age of forty (40) to fill the position.

(8)     The effect of the practices complained of in paragraph 7(a)-(h) above have been to deprive Donald Henriques of equal employment opportunities and otherwise adversely affect his status as an employee, because of his age.

(9)     The unlawful employment practices complained of in paragraphs 7(a)-(h) above were willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in discrimination based on age, and any other employment practices which discriminate based on age.

B.     Order Defendant Employer to institute and carry out policies, practices and programs which provide equal employment opportunities for individuals 40 years of age and older, and which

5

eradicate the effects of its past and present unlawful employment practices.

C.    Order Defendant Employer to make Donald Henriques whole by providing

appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other

affirmative relief necessary to eradicate the effects of its unlawful practices, including but not limited

to rightful place reinstatement of Donald Henriques, or frontpay, in lieu thereof, if reinstatement is

not feasible.

D.    Order Defendant Employer to pay Donald Henriques liquidated damages for its

willful conduct described in paragraph 7(a)-(h) above, in amounts to be determined at trial.

E.    Grant such further relief as the Court deems necessary and proper in the public

interest.

F.    Award the Commission its costs of this action.

6

<u>JURY TRIAL DEMAND</u>

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

JAMES E. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel


JACQUELINE H. MCNAIR
Regional Attorney


JUDITH A. O'BOYLE
Supervisory Trial Attorney


WOODY ANGLADE
Trial Attorney
EQUAL    EMPLOYMENT    OPPORTUNITY
COMMISSION
Philadelphia District Office
21 South 5th Street, Suite 400
Philadelphia, PA 19106
(215) 440-2814 (PHONE)
(215) 440-2848 (FAX)

7